Rogal vs. Mullen.

No. 7168.

FREDERICK ROGAL VS. J. B. MULLEN, MARGARET GLASSE, THIRD OPPONENT.

He who delivers to another a mortgage note with permission to raise money on it, cannot afterwards claim the note and enforce the mortgage, when it has passed into the hands of a *bona fide* holder who acquired it before maturity in due course of business.

APPEAL from the Fifth District Court of New Orleans. ROGERS, J.

*Tharp* for Plaintiff Appellant. *Braughn, Buck & Dinkelspiel* for Third Opponent.

The plaintiff, with the consent of the defendant took executory process to foreclose a mortgage without producing the note, alleging that it had been lost or stolen. Mrs. Glaser injoined on the ground that she held and owned the note, and had acquired it in due course of business before maturity. The plaintiff had handed the note to his daughter, who was the divorced wife of the defendant, for her to raise money or to pay the expenses of her divorce suit. She swears this. Regal does not specially deny it, but swears he never parted with the note, and that he had not seen it since its alleged loss in 1875. A letter of his to his daughter in 1878, contradicts this wherein he writes: " I fear you may lose my mortgage note I let you have some time ago," and asks her to return it to him.

SPENCER, J.   Here is a clear admission that he had let her have the note.   She borrowed money on it, and he is bound by her act. His allegation that the note was lost or stolen is manifestly false. The judge below did not believe him, nor do we.

*Judgment affirmed.*